1
2
3
4
5

Michelle R. Matheson #019568
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

8
9
10
11
12
13
14

| | |
|---|---|
| Angelo Garay, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Gila River Gaming Enterprises, Inc., | |
| Defendant. | (Jury Trial Demanded) |

15
16
17
18

Plaintiff Angelo Garay ("Mr. Garay" or "Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendant Gila River Gaming Enterprises Inc. d/b/a Gila River Casinos ("Gila River Casinos" or "Defendant"), states and alleges as follows:

19

**PARTIES, JURISDICTION, AND VENUE**

20

1.      Plaintiff is an individual residing in Maricopa County, Arizona.

21
22

2.      At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

23
24
25

3.      Upon information and belief, Gila River Gaming Enterprises, Inc. is a privately held corporation located and conducting regular business at 5040 West Wildhorse Pass Boulevard in Chandler, AZ 85226.

26
27
28

4.      Gila River Casinos employed Mr. Garay as an Executive Casino Host at its Wildhorse Pass Casino location in Chandler, Arizona from approximately 2009 until December 21, 2015.

5. Gila River Casinos caused the events and actions complained of herein to occur in Maricopa County, Arizona.

6. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as a result of Defendant's failure to pay Plaintiff compensation and overtime compensation for weeks in which Plaintiff worked over 40 hours.

7. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times material, Defendant was, and continues to be, engaged in interstate commerce as defined by the FLSA.

9. At all relevant times, Defendant had annual gross revenue of at least $500,000.

10. This Court has jurisdiction under 28 U.S.C. § 1331.

11. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district and Defendant is located in this district.

## FACTS COMMON TO ALL COUNTS

12. Defendant owns and operates three Casinos in the Phoenix, Arizona area.

13. At its Casinos, Defendant offers, among other things, slot play, table games, poker, food and beverage service, hotel bookings and accommodations, and customer service.

14. Defendant employs hundreds of individuals to carry out its operations.

15. As it relates to his claims in this lawsuit, Defendant employed Plaintiff as an Executive Casino Host at its Wildhorse Pass Casino location.

16. Defendant employed two Executive Casino Hosts for that location; one being Plaintiff.

17. As an Executive Casino Host, Plaintiff performed non-exempt work.

18. Specifically, if a guest is known by Defendant to frequent its casinos and/or spend a significant amount of money at its Casinos, Defendant will offer that guest the services of an Executive Casino Host.

2

19.     Defendant then assigns the Executive Casino Host to assist such guest with his or her accommodations, entertainment, bookings, and gaming needs.

20.     The Executive Casino Host is then in constant, 24-hour if needed, contact with the guest to arrange that guest's stay, offer that guest various amenities and services, and to generally be at that guest's beckon call.

21.     Defendant gave Plaintiff a company cell phone to perform his job duties, which Defendant required Plaintiff to have on him at all times.

22.     Defendant has guidelines in place that require an Executive Casino Host to respond to a guest's needs or requests within a very short time-frame, no matter what time of day or night and regardless of whether the Casino Host is scheduled to work on that particular day of the week.

23.     Defendant paid Plaintiff a salary for his services year as an Executive Casino Host, but did not pay Plaintiff premium overtime compensation.

24.     During times when Plaintiff was on call, which was almost all the time, Plaintiff worked for guests late at night and/or at all hours during the day and sometimes worked seven days per week.

25.     Defendant failed to pay Plaintiff all compensation and/or overtime compensation due to him for hours worked over 40 in those weeks.

26.     This occurred throughout Plaintiff's employment with Defendant as an Executive Casino Host.

27.     In his position as an Executive Casino Host, Plaintiff was not exempt under the FLSA from overtime or other requirements.

28.     Upon information and belief, Defendant was or should have been aware that federal law required it to pay its employees performing non-exempt duties overtime wages for hours worked in excess of 40 per week.

29.     Upon information and belief, Defendant was aware or should have been aware that Plaintiff customarily and regularly performed non-exempt work.

3

30.     Plaintiff estimates that during the last two years of his employment he worked on average at least 10 hours of uncompensated overtime per week.

## **COUNT I – Violation of FLSA**

31.     Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

32.     Section §207 of the Fair Labor Standards Act provides in relevant part:

> [N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

33.     Section 216(b) of the Fair Labor Standards Act provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

34.     Plaintiff was entitled to be paid one and one-half times his regular hourly rate of pay for each hour worked in excess of 40 hours per workweek, and was entitled to be paid in general for such time.

35.     In the course of employment with Defendant, Plaintiff worked the number of hours required of him, many times in excess of 40 hours, but was not properly paid overtime compensation.

36.     The pay practices of Defendant, as described in the above paragraphs, violated the FLSA by both by failing to pay Plaintiff for all of his hours worked over 40 hours and failing to properly pay overtime to Plaintiff for those hours.

37.     Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

38.     Plaintiff has been harmed and suffered damages by being denied wages and overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

39.     As a result of Defendant's unlawful acts, Plaintiff is entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff prays for relief against Defendant as follows:

a.  An Order declaring that Defendant violated the FLSA;

b.  Judgment for Plaintiff against Defendant for the wages and overtime payments due Plaintiff for the hours worked without proper compensation as set forth in 29 U.S.C. § 216(b);

c.  Liquidated damages against Defendant as set forth in 29 U.S.C. § 216(b);

d.  An Order awarding Plaintiff reasonable attorneys' fees along with costs and expenses against Defendant pursuant to 29 U.S.C. § 216(b); and

e.  Any and all other relief the Court deems just and proper.

DATED this 18th day of March 2016.

**MATHESON & MATHESON, P.L.C.**

By: /s Michelle R. Matheson
　　　Michelle R. Matheson, #019568
　　　*Attorney for Plaintiff*

5